**Richard FELICIANO, Plaintiff–Appellant,**

v.

**Donald SELSKY, Director of S.H.U., and Catherine Wronski, Hearing Officer, Defendants–Appellees.**

**No. 99–0064.**

United States Court of Appeals, Second Circuit.

Submitted Nov. 19, 1999.

Decided Feb. 24, 2000.

---

incarcerated in the Riverview Correctional Facility, a New York State prison in Ogdensburg, New York. Wronski is a state hearing officer who conducts prison disciplinary hearings, and Donald Selsky is the Special Housing Unit Director who reviews appeals from disciplinary determinations. Both are employed by the New York State Department of Correctional Services.

On January 14, 1994, Feliciano was charged with violating a prison rule by participating in an assault on another inmate. Wronski found Feliciano guilty of the rule violation after conducting a disciplinary hearing. She imposed a penalty of 730 days in the Special Housing Unit and related penalties, including a recommended loss of good time credit. Selsky affirmed the hearing results following an administrative appeal by Feliciano.

By an Article 78 petition filed in the New York State Supreme Court on August 18, 1994, Feliciano challenged the affirmed findings. He argued that he was not afforded due process at the hearing and that the rule violation determination was not supported by the evidence. On November 28, 1994, the state court granted the petition, vacated the findings and remanded for a rehearing. On rehearing, Feliciano was found not guilty, although he ended up serving 356 days in the Special Housing Unit.

Richard Feliciano, pro se, Ogdensburg, N.Y.

Nancy A. Spiegel, Assistant Attorney General, Albany, NY, for Defendant–Appellee.

Before: MESKILL, MINER, and PARKER, Circuit Judges.

MINER, Circuit Judge:

## BACKGROUND

Plaintiff–Appellant Richard Feliciano has filed a motion in this court to disallow the costs on appeal sought by defendants-appellees Donald Selsky and Catherine Wronski. Feliciano is a prisoner who was

On May 22, 1995, Feliciano filed a complaint in the United States District Court for the Northern District of New York alleging claims under the provisions of 42 U.S.C. § 1983. His claim against Wronski was based on her failure to call four specified witnesses at the disciplinary hearing, thereby depriving him of due process. His claim against Selsky was based on the affirmance of Wronski's findings without conducting a thorough investigation, thereby subjecting him to cruel and unusual punishment as well as depriving him of due process. The complaint included a demand for substantial damages. The dis-

trict court granted summary judgment dismissing the complaint on October 9, 1996.

By summary order dated June 12, 1997, we reversed the judgment of the district court and remanded the case for further proceedings, finding that the district court erred in granting the motion without instructing Feliciano about the consequences of a failure to respond to a summary judgment motion. On remand, the district court once again granted summary judgment dismissing the complaint. With respect to the denial of Feliciano's request to call the four designated witnesses, the district court determined that the hearing officer's ruling did not constitute a due process violation. The court reasoned that the witnesses requested were unable to testify unequivocally regarding Feliciano's involvement in the affray because they were not eyewitnesses and their testimony would have been cumulative in any event.

In a summary order filed on October 20, 1999, this panel affirmed the summary judgment entered in the district court. We found no deprivation of due process in the hearing or in the administrative appeal. In arriving at our determination, we noted the general rule in this circuit that prison hearing officers have the discretion to keep disciplinary hearings within reasonable limits and that this discretion includes the power to refuse to call witnesses whose testimony may reasonably be regarded as non-probative or duplicative. Applying this rule to the facts of this case, we observed that Feliciano called eight alibi witnesses, two of whom were corrections officers, but did not indicate what additional evidence the four designated additional witnesses would present. He conceded that none of the latter was an eyewitness to the assault. Accordingly, we concluded that the hearing officer had no reason to believe that the testimony of those witnesses would be relevant, and a due process claim for failure to call them was meritless.

Following the entry of judgment in this court, the defendants-appellees filed and served a bill of costs, dated October 22, 1999, in the sum of $54.32, representing the expense of printing fourteen copies of appellee's brief. In response, Feliciano filed papers dated October 31, 1999 and entitled "Objections to the Bill of Costs." We construe Feliciano's papers as a motion to disallow costs.

In the "Argument" portion of his papers, Feliciano contends that his *in forma pauperis* status alone should preclude the appellees from claiming costs. He asserts that "a statute permitting the imposition of costs against non-frivolous appeals brought by indigent prisoners is not rationally related to the achievement of any valid governmental purpose, and thus, violates appellant's right to Equal Protection of Law under U.S. Constitutional (sic) Amendment Fourteen." Feliciano notes that the district court did not certify that his appeal would be taken "in bad faith" and, analyzing the statutes and rules pertaining to bills of costs, contends that any decision to impose costs upon one proceeding *in forma pauperis* should be based on ability to pay and reasonableness of costs. Finally, Feliciano argues that the costs demanded by appellees are excessive and should be reduced and that he should be entitled to pay any costs out of his prison account rather than in a lump sum as demanded.

## ANALYSIS AND DISPOSITION

Rule 39 of the Federal Rules of Appellate Procedure provides that costs shall be taxed against the appellant if a judgment is affirmed "unless the law provides or the court orders otherwise." Fed. R.App. P. 39(a)(2). Costs include the expenses entailed in printing the brief, subject to a maximum rate fixed by local rule. *See* Fed. R.App. P. 39(c), 2d Cir. R. 39. These provisions would allow for the automatic taxation of the expenses of printing the briefs as sought by the appellees in this case, but for the *in forma pauperis* status of Feliciano. The rights and obligations of an indigent prisoner who seeks to prosecute an action in that status are governed by the provisions of 28 U.S.C. § 1915,

entitled "Proceedings *in forma pauperis.*" Federal courts long have had the authority to allow the commencement of a civil suit without payment of fees or security by any person who provides an affidavit stating that he is unable to pay, that he has a cause of action and that he is entitled to redress. *See* § 1915(a)(1). In 1996, Congress amended the statute allowing proceedings *in forma pauperis* in a number of respects relative to suits by prisoners who seek the benefits of that provision. *See* Prison Litigation Reform Act of 1995, Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104–134, § 804, 110 Stat. 1321–66, 1321–73 (1996) (codified at 28 U.S.C. § 1915) ("PLRA").

The PLRA requires that a prisoner seeking to proceed *in forma pauperis* submit a certified copy of his prison trust fund account statement for the last six months, *see* 28 U.S.C. § 1915(a)(2), as well as an affidavit attesting to his inability to pay the filing fee, *see* § 1915(a)(1). Although the prisoner is required to pay the filing fee in full, he may, if he is not able to pay the fee immediately, make the following payments: an initial filing fee equal to twenty percent of the average monthly deposit to his account or the average monthly balance in the account for the six-month period preceding the filing of the complaint or the notice of appeal, whichever is greater. *See* § 1915(b)(1). The prisoner must thereafter make monthly payments equal to twenty percent of the income credited to his account during the preceding month, whenever the account exceeds $10.00, until the balance of the filing fee is paid in full. *See* § 1915(b)(2).

A prisoner who is unable to make the requisite initial filing fee payment for a civil action or appeal still may proceed with his case and pay the entire fee over time. *See* § 1915(b)(2),(4). The PLRA directs dismissal of an action or appeal brought *in forma pauperis* upon a determination that the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). As in the past, a prisoner who is permitted to proceed in the district court *in forma pauperis* may proceed on appeal in the same status without further authorization. *See* Fed. R.App. P. 24(a)(3). The exception is when the district court certifies either that the appeal is not taken in good faith or that the prisoner is otherwise not entitled to go forward in the status of an indigent. *See id.*

With respect to costs, the *in forma pauperis* statute has for some time provided that "[j]udgment may be rendered for costs at the conclusion of the suit or action as in other proceedings." § 1915(f)(1). Although there appears to be no definitive precedent in this circuit in regard to the taxation of costs on appeal prior to the PLRA, we have noted that "[s]ome circuit courts, in cases where the United States was not a party, have held that costs may be assessed against an unsuccessful appellant proceeding *in forma pauperis.*" *Maida v. Callahan,* 148 F.3d 190, 193 (2d Cir.1998). In support of the foregoing proposition, we cited *McGill v. Faulkner,* 18 F.3d 456, 460 (7th Cir.1994)(trial court has discretion to award costs despite present indigence of prisoner proceeding *in forma pauperis* ); *Weaver v. Toombs,* 948 F.2d 1004, 1014 (6th Cir.1991) (court of appeals has "authority to assess reasonable costs … against unsuccessful *in forma pauperis* plaintiffs even if their claims are not deemed frivolous, malicious or vexatious."); *Lay v. Anderson,* 837 F.2d 231, 232–33 (5th Cir.1988) (per curiam) (statutory provisions allowing litigious indigent prisoner to proceed without payment of filing fees does not preclude discretionary assessment of costs in the court of appeals); and *Harris v. Forsyth,* 742 F.2d 1277, 1278 (11th Cir.1984) (costs may be awarded against indigent "as in other cases" within sound discretion of appellate court and without regard to whether the appeal is frivolous).

Under the PLRA amendments, courts continue to have the authority to assess costs against an indigent prisoner. However, the PLRA has added a provision to the *in forma pauperis* statute requiring payment for costs in the same manner as the payment of the filing fee. *See* 28 U.S.C. § 1915(f)(2)(A) & (B); *Tucker v. Branker,* 142 F.3d 1294, 1296–97 (D.C.Cir. 1998). "Because a prisoner can no longer challenge the assessment of fees ... on the grounds that the prisoner is unable to pay the assessment, if a court chooses to tax a prisoner costs, the prisoner is required to pay the assessment in full." *Talley–Bey v. Knebl,* 168 F.3d 884, 886 (6th Cir.1999) (citations omitted). Indeed, § 1915(f)(2)(A) reads: "*If* the judgment against a prisoner includes the payment of costs under this subsection, the prisoner shall be required to pay the full amount of the costs ordered." (Emphasis supplied). It is, of course, the *manner* of payment that is prescribed by § 1915(f)(2)(B).[1]

 Most pertinent to the motion before us is the portion of § 1915 that provides for the payment of full costs *in the event that the judgment requires it. See* § 1915(f)(2)(A). This provision falls within the "law provides otherwise" language of Fed. R.App. P. 39(a), which allows costs to be taxed against appellants when the judgment is affirmed "unless the law provides or the court orders otherwise." When we issued our summary order affirming the judgment of the district court in this case, we did not order the payment of costs by Feliciano. Accordingly, the judgment entered by the Clerk of this Court under the provisions of Fed. R.App. P. 36 contains no provision for costs. Unless there is a specific direction by the court for the payment of costs by a prisoner proceeding *in forma pauperis,* no costs may be taxed by the prevailing party. This in no way detracts from the ability of a court to require, as a matter of discretion, that the indigent prisoner pay the costs, or some part of them. Whether assessed by a district court or by this court, the discretionary imposition of costs should be informed by any factor the court deems relevant, including "the purpose of the *forma pauperis* statute, the history of the party as litigator, good faith and the actual dollars involved." 16A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3985 at 710 n. 8 (1999).

## CONCLUSION

In the absence of any provision in the judgment of this court for the assessment of costs against Feliciano, the motion to disallow costs is granted. The Clerk of the Court will refrain from taxing the bill of costs filed by appellees.

---

1. Although § 1915(f)(2)(B) refers to § 1915(a)(2) for the manner of payment, the actual process for payment is described in § 1915(b)(2).