FILED
United States Court of Appeals
Tenth Circuit

March 18, 2009

Elisabeth A. Shumaker
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

OLIVER BOLING-BEY,

        Plaintiff-Appellant,

v.

U.S. PAROLE COMMISSION;
PAMELA A. POSCH, Attorney,
in her individual and official capacity;
JEFFERY KOASTBAR, Examiner,
in his individual and official capacity;
SAMUEL ROBERTSON, Examiner,
in his individual and official capacity;
FEDERAL BUREAU OF PRISONS;
ALBERT WILSON, Case Manager,
in his individual and official capacity;
MIKE GRAY, Case Manager, in his
individual and official capacity,

        Defendants-Appellees.

No. 08-3166
(D.C. No. 5:07-CV-03283-SAC)
(D. Kan.)

---

**SECOND ORDER REQUIRING COMPLETION OF
IN FORMA PAUPERIS APPLICATION**

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

---

The matter before the court is the "Reply Motion to the Court's Inquiry of

Completion of In Forma Pauperis Application" (Response) filed by pro se

appellant Oliver Boling-Bey, a federal prisoner. The Response addresses our

Order Requiring Completion of In Forma Pauperis Application, filed December 9, 2008 (First Order). In that Order, we directed Boling-Bey to submit a certified copy of his inmate trust fund account statement in support of his Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (*ifp* Motion), as required by statute:

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Boling-Bey did not supply a certified copy of his trust fund account statement with his response. Instead he argued that he need not obtain authorization to proceed *ifp* on appeal because he was permitted to proceed *ifp* in the district court and it did not certify that this appeal was not taken in good faith or find he was not otherwise entitled to proceed *ifp* on appeal. Affording his pro se Response and other papers liberal construction, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.6 (10th Cir. 1991), we reject this argument as well as his other excuses for not complying with the First Order.

## I. Appellate *IFP* requirements

Section 1915(a)(2) stems from § 804(a)(1)(F) of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321, 1321-73 (Apr. 26, 1996) (PLRA).  It applies to "prisoner[s] seeking to bring a civil action or appeal a judgment in a civil action or proceeding."  28 U.S.C. § 1915(a)(2). Boling-Bey's appeal falls within this provision because he was a prisoner at the time he filed his complaint and he remains so, the complaint initiated a civil action, and this appeal is from the district court's judgment in that civil action.[1]

In support of his chief justification for not submitting a certified copy of his trust fund account statement, Boling-Bey relies on Rule 24(a)(3) of the Federal Rules of Appellate Procedure, which provides:

---

[1]     Boling-Bey filed his complaint on a court-provided form for prisoner civil rights actions arising under 42 U.S.C. § 1983, and he also invoked 42 U.S.C. §§ 1985(3) and 1986.  The complaint concerned allegedly unconstitutional actions by the defendants in connection with a re-parole hearing and decision.  Because his damages claims were directed at federal actors rather than state actors, the district court construed those claims as arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than § 1983, and supplied several grounds for dismissing them for failure to state a claim upon which relief could be granted.

We need not consider at this juncture whether Boling-Bey's damages claims arise under §§ 1983, 1985(3), and 1986, as he contends in his appellate brief, or under *Bivens*.  Section 1915(a)(2) applies to prisoners bringing civil actions and appeals from judgments in civil actions, which is clearly the case here regardless of the answer to *Bivens* question.  To the extent Boling-Bey sought declaratory or injunctive relief, the district court declined to exercise its equitable power to grant injunctive relief and explained that he must bring those claims in a habeas petition under 28 U.S.C. § 2241.

> **Prior Approval.** A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
>> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>>
>> (B) a statute provides otherwise.

Boling-Bey is factually correct—the district court did not issue either of the prohibitory rulings regarding the appeal set out in Rule 24(a)(3)(A), perhaps because he did not file a motion to proceed *ifp* on appeal with the district court. But his argument overlooks the second exception to the continuing-authorization provision of Rule 24(a)(3)—a party may not proceed *ifp* on appeal without further authorization if "a statute provides otherwise." Fed. R. App. P. 24(a)(3)(B).

The text of § 1915(a)(2) and interpreting case law reveals that, with respect to prisoners falling within its ambit, the PLRA superseded what is now Rule 24(a)(3)(A)[2] by establishing a two-tiered approach to *ifp* determinations.

---

[2] Prior to amendment in 2002, Rule 24(a)(3) contained no subparagraphs, and in its entirety is substantively identical to current Rule 24(a)(3)(A):

> **Prior Approval.** A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case,

(continued...)

The statute applies to "[a] prisoner seeking to *bring a civil action*[3] **or** *appeal a judgment* in a civil action or proceeding[,]" and it requires the submission of "a certified copy of the trust fund account statement (or the institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the *complaint* **or** *notice of appeal*[.]"  28 U.S.C. § 1915(a)(2) (emphases and footnote added).  The import of the emphasized disjunctive phrasing is obvious:  There must be independent determinations of indigence at each step where prepayment of a filing fee is required—when the prisoner files a complaint and again when the prisoner files a notice of appeal.  The requirement of a current (within six months) and certified copy of the inmate's trust fund account statement punctuates the need for a two-tiered approach.  A case often will not be concluded in six months and the prisoner's financial circumstances may have changed.

---

[2](...continued)

> may proceed on appeal in forma pauperis without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis.  In that event, the district court must state in writing its reasons for the certification or finding.

Fed. R. App. P. 24(a)(3) (2002).

[3]   We note that the PLRA does not apply to habeas petitions filed under 28 U.S.C. §§ 2241, 2254 or 2255, which are not civil actions for purposes of § 1915(a)(2).  *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).  Our discussion is confined to appeals from judgments in civil actions or proceedings.

Indeed, PLRA's "fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits **or** appeals feel the deterrent effect created by liability for filing fees. The PLRA is designed to require the prisoner to bear some marginal cost *for each legal activity*." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quotations and citations omitted) (emphases added).

Upon taking effect in 1996, § 1915(a)(2) was at odds with the pre-PLRA version of Rule 24(a)(3)—under the old rule, prisoners who had proceeded *ifp* in the district court and wished to appeal a judgment in a civil action or proceeding were not required to obtain further authorization, whereas under the statute, they were. We resolve this conflict by applying the principle of interpretation that a later-enacted statute trumps an earlier-enacted rule of civil or appellate procedure with which it conflicts. *See Autoskill Inc. v. Nat'l Educ. Support Sys., Inc.*, 994 F.2d 1476, 1485 (10th Cir. 1993) (explaining that 28 U.S.C. § 2072,[4] a provision of the Rules Enabling Act, ordinarily abrogates conflicting statutes enacted before a procedural rule, but that a subsequently-enacted statute prevails over a procedural rule). Thus, upon its effective date, § 1915(a)(2) superseded pre-PLRA Rule 24(a)(3) to the extent the rule permitted prisoners who had been

_____

[4] The statute provides: "All laws in conflict with [general rules of practice and procedure for cases in courts of appeals] shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072(b).

-6-

granted *ifp* status in the district court to proceed *ifp* on appeal from a judgment in a civil action or proceeding without further authorization. A number of circuits have expressly reached this conclusion. *See Jackson v. Stinnett*, 102 F.3d 132, 134, 136 (5th Cir. 1996) (explaining that the PLRA's modification of § 1915(a) repealed Rule 24(a) to the extent there was a conflict between them); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1489 (11th Cir. 1997) (adopting *Jackson*); *Morgan v. Haro*, 112 F.3d 788, 789 (5th Cir. 1997) (relying on *Jackson* for the proposition that under the PLRA, "[a] prisoner who seeks to proceed IFP on appeal must obtain leave to [do] so despite proceeding IFP in the district court"); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1136 (6th Cir. 1997) (administrative order) (adopting *Jackson*).[5] And as the advisory committee's notes to the 2002 amendment to Rule 24 make clear, subparagraph (a)(3)(B) was added specifically in response to judicial rulings such as *Morgan* that the requirements § 1915(a) imposed on prisoners conflicted with Rule 24(a)(3):

---

[5] We acknowledge that the Second Circuit, albeit prior to the 2002 amendment to Rule 24(a)(3), has reached a different conclusion than we do today. *See Feliciano v. Selsky*, 205 F.3d 568, 571 (2d Cir. 2000) (relying on Rule 24(a)(3) for the proposition that under the PLRA, "[a]s in the past, a prisoner who is permitted to proceed in the district court *in forma pauperis* may proceed on appeal in the same status without further authorization[,]" except when the district court certifies that the appeal is not taken in good faith or that the prisoner is not otherwise entitled to *ifp* status on appeal). To the extent the Second Circuit adheres to this view, we respectfully disagree.

Rule 24(a)(3) has also been amended to eliminate an apparent conflict with the PLRA. Rule 24(a)(3) has provided that a party who was permitted to proceed in forma pauperis in the district court may continue to proceed in forma pauperis in the court of appeals without further authorization, subject to certain conditions. The PLRA, by contrast, provides that a prisoner who was permitted to proceed in forma pauperis in the district court and who wishes to continue to proceed in forma pauperis on appeal may not do so "automatically," but must seek permission. *See, e.g.*, *Morgan v. Haro*, 112 F.3d 788, 789 (5th Cir. 1997) ("A prisoner who seeks to proceed IFP on appeal must obtain leave to so proceed despite proceeding IFP in the district court.").

Rule 24(a)(3) has been amended to resolve this conflict. Again, recognizing that future legislation regarding prisoner litigation is likely, the Committee has not attempted to incorporate into Rule 24 all of the requirements of the current version of 28 U.S.C. § 1915. Rather, the Committee has amended Rule 24(a)(3) to clarify that the rule is not meant to conflict with anything required by the PLRA or any other statute.

Fed. R. App. P. 24 advisory committee's notes (2002).

Based on the foregoing principles, we hold that a prisoner seeking to proceed *ifp* on appeal from a judgment in a civil action or proceeding must file a new motion in the district court together with a supporting affidavit and a certified copy of the prisoner's trust fund account statement for the six-month period immediately prior to the filing of the notice of appeal. It must be done regardless of the prisoner's *ifp* status in the district court. *See* 28 U.S.C. § 1915(a); Fed. R. App. P. 24(a)(1) (requiring motion in the district court unless Rule 24(a)(3) applies); 10th Cir. R. 24.1 (requiring the district court to "obtain sufficient information to determine [a] prisoner's eligibility for, and make the

-8-

assessment of, a partial [appellate] filing fee under the [PLRA]" when "a prisoner tenders no filing fee, or less than the full fee").

This second tier of the process alerts the district court to the prisoner's request to continue *ifp* status on appeal, focuses attention on issues to be presented on appeal,[6] and requires the court to take a fresh look at the prisoner's ability to pay, which may have changed since the initial complaint was filed. And focused attention on the issues to be presented facilitates the district court's consideration of whether the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

A motion to proceed *ifp* on appeal, supported by required documents, must be made in the first instance to the district court. Fed. R. App. P. 24(a)(1). Only if that motion is denied is there occasion to file an *ifp* motion with this court. The filing must be made within 30 days after notice of a district court's denial. *See* Fed. R. App. P. 24(a)(5). Our consideration of an appropriate and timely motion is not a review of the district court's denial, but an original consideration. *See* Fed. R. App. P. 24 advisory committee's notes (1967) (Rule 24(a)(5) "establishes a subsequent motion in the court of appeals, rather than an appeal from the order

---

[6] A party is required to attach an affidavit to the *ifp* motion that, among other things, "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C).

of denial or from the certification of lack of good faith, as the proper procedure for calling in question the correctness of the action of the district court"); *see also Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1078-79 (10th Cir. 2007) (explaining that "a party who seeks in forma pauperis status and is certified by the district court as not appealing in good faith may nonetheless move this court for leave to proceed on appeal in forma pauperis pursuant to the mechanism set forth in Rule 24(a)(5)").

In view of our holding, we reject Boling-Bey's argument. In order to be eligible for authorization to proceed *ifp* on appeal he must correct the deficiency in his *ifp* Motion by submitting a certified copy of his trust fund account statement. *See* 28 U.S.C. § 1915(a)(2). Because nothing in our prior case law clearly linked the exception in Rule 24(a)(3)(B) with the PLRA, we provide Boling-Bey another opportunity to address the matter of his appellate filing fee in this court rather than going back to the district court.

**II. Boling-Bey's other arguments**

We perceive three other arguments in Boling-Bey's response, none of which is persuasive. First, he notes that the clerk of this court already assessed fees in this appeal, apparently implying that he already has approval to proceed *ifp* on appeal. The assessment of fees by the clerk's office is ministerial in nature and required by § 1915(b)(1) regardless of § 1915(a):

*Notwithstanding subsection (a)*, if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court *shall assess* and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--

>   (A) the average monthly deposits to the prisoner's account; or

>   (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1) (emphases added). But the clerk's assessment of fees does not address the substantive aspects of § 1915 and it is not an express or implicit grant of a motion to proceed *ifp* on appeal. Boling-Bey's *ifp* Motion is deficient for lack of a certified copy of his trust fund account statement. This court may order a prisoner to correct such a deficiency at any time regardless of a prior assessment of fees or order directing a prisoner's custodian to withhold moneys from his trust fund account.

Second, Boling-Bey states that his "present location of confinement has in the alternative . . . signed a contract with [him] and [his] casemanager . . . to pay the fees agreed too [sic]." Response at 3, ¶ 7. We read this statement to mean that he does not have to file his account statement because he signed an agreement authorizing prison officials to pay any partial filing fees out of his inmate trust fund. We flatly reject this contention. The authorization required of

-11-

prisoners does not free them from complying with the requirements of § 1915 and Rule 24.[7]

The third and final argument we see in Boling-Bey's Response is his reference to the general principle of 28 U.S.C. § 1915(a)(4), that no prisoner may be prohibited from bringing an appeal because "the prisoner has no assets and no means by which to pay the initial filing fee." This argument misses the point, as the reason for having him file a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal is to determine whether he now has sufficient assets to pay the appellate filing fee without the benefit of *ifp* status, not to prohibit him from taking an appeal due to indigence.

## Conclusion

In sum, regardless of *ifp* status in the district court, a prisoner seeking to appeal from a judgment in a civil action or proceeding without prepayment of costs or fees must file a motion with the district court, *see* Fed. R. Civ. P. 24(a)(1), and provide the financial documentation required by § 1915. The fact that, under Rule 24(a)(3)(A), a district court does not certify that an appeal is not taken in good faith or find that a prisoner is not otherwise entitled to proceed *ifp*

---

[7] In the event that Boling-Bey suggests his case manager or the prison confining him has agreed to pay his filing fee, a proposition we consider highly unlikely, his appeal can continue if full payment of the fee is timely made.

-12-

on appeal does not excuse compliance with these requirements. If the district court denies the motion or makes the Rule 24(a)(3)(A) certification or finding, the prisoner may file a motion with this court comporting with § 1915 and Rule 24(a)(5).[8]

Accordingly, it is ORDERED that, within twenty days of the filing date of this order, Boling-Bey must either submit to this court "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal," 28 U.S.C. § 1915(a)(2), or pay his appellate filing fee in full and withdraw his *ifp* Motion.

---

[8] The district court must have the first opportunity to address the prisoner's motion to proceed on appeal *ifp*. Should the district court fail to promptly decide the motion, this court may be forced to deem it denied in order to avoid unwarranted delay.

Failure to comply with this order may result in dismissal of this appeal without further notice. *See* 10th Cir. R. 3.3(B); 42.1.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk