**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD ALLEN, a/k/a Edward Clutts

    Plaintiff - Appellant,

v.

FRED FIGUERA; CORRECTIONS
CORPORATION OF AMERICA; DAVID
NELLIS; LT. WILLIAMS

    Defendants - Appellees.

No. 10-1162
(D.C. No. 1:07-CV-00137-ZLW-BNB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Edward Allen, a Colorado prisoner proceeding pro se,[1] appeals the district court decision granting summary judgment to the defendants in his 42 U.S.C. § 1983 civil rights action against the warden and two correctional officers of the North Fork Correction Facility in Oklahoma. We affirm.

## BACKGROUND

Allen alleged in his complaint and supporting documents that the defendants violated his rights under the Eighth Amendment by failing to take appropriate measures to protect him from attacks by other inmates, by placing him at the same facility as his wife's ex-husband, by informing other inmates of his status as a protective custody sex offender, and by placing him in the same cell with inmates who posed a risk of harm to him due to his status. According to Allen, after informing Warden Figueroa he feared he would be harmed by his wife's ex-husband who was incarcerated in the same facility, Allen was placed in the segregation unit for his safety. Once in segregation, (where he wanted to be), Allen claims Officer David Nellis told his cellmate that Allen was a protective custody sex offender to encourage the cellmate to harm him.[2] As a result, the cellmate would not allow Allen back into the cell after his shower. When Allen learned he would be moved, he suffered an anxiety attack and was seen for a short period in the medical unit. Later, Captain Jerramy Williams escorted him to another cell telling Allen

---

[1] We liberally construe Allen's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] Allen admits he was not in the room when Nellis allegedly made the statement and he provides no admissible evidence of this fact. Nellis, however, submitted a sworn affidavit denying this allegation.

he had spoken to the inmate and there would be no problem for the weekend. After Williams placed Allen with the new cellmate, his new cellmate asked why Allen had problems with his last cellmate. Allen then disclosed his status as a sex offender. The cellmate proceeded to loudly demand Allen be removed from the cell while banging on the cell door and swearing. Williams had left for the evening and the officer on duty told Allen he could not be moved until Williams returned.[3] Allen alleged the cellmate had pens or pencils and, at one time, held a pen as if he might stab Allen. During these events, Allen suffered a second anxiety attack but was otherwise unharmed. Allen was placed in a single cell the next day and subsequently elected to return to the general population.[4]

Allen filed a slew of motions,[5] only a few of which are at issue in this appeal. He filed a motion to suppress his deposition because the court reporter was not a notary in the state in which the deposition was taken as well as numerous motions for appointment of counsel, all of which the magistrate denied. The district court declined to disturb the magistrate's orders and also separately denied Allen's motion to amend his complaint and to correct the scheduling order to set a deadline for amendment of the complaint.

Defendants filed a motion for summary judgment. After reviewing the report and

---

[3] In early pleadings, Allen does not mention Williams as the reason he could not be moved but instead alleges he was told there were no available beds in which he could be placed.

[4] Allen returned to the general population but was moved to a different cell block so he would not be housed with his wife's ex-husband.

[5] The district court docket in Allen's case has over 300 entries.

recommendation from the magistrate judge and Allen's objections, the district court entered summary judgment in favor of the defendants. The court concluded Allen presented no competent evidence demonstrating he was subjected to a substantial risk of serious harm or showing deliberate indifference to such a risk by any defendants.

## STANDARD OF REVIEW

Allen claims the court erred in: (1) denying his motion to amend his complaint, (2) refusing to retroactively amend the scheduling order to set a time limit for amending his complaint, (3) denying his motion to suppress his deposition because the court reporter was not certified in Colorado, (4) accepting two unsigned affidavits attached to defendant's motion for summary judgment, (5) striking the affidavits attached to his response brief, (6) refusing to appoint counsel to represent him, and (6) granting summary judgment. The district court's decision to deny amendment of the complaint and its acceptance or rejection of evidence is reviewed for abuse of discretion. *See Milne v. USA Cycling, Inc.*, 575 F.3d 1120, 1133 (10th Cir. 2009) (evidentiary rulings); *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (motion to amend); *Fowler Bros. v. Young*, 91 F.3d 1367, 1377 (10th Cir. 1996) (motion to strike). "Applying the same standard as the district court, we review the court's grant of summary judgment de novo." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

## DISCUSSION

A.      Amendment of the complaint and evidentiary motions.

Allen attempted to amend his complaint more than two years after it was filed and

discovery had closed.  No new information had come to light and he offered no explanation for the delay in requesting permission to amend.  "[U]ntimeliness alone is sufficient reason to deny leave to amend, especially when there is no adequate explanation for the delay."  *Id.* at 1365.  The district court did not abuse its discretion in denying Allen's Second Motion to Amend Complaint.

Although Allen was told at the beginning of his deposition that the court reporter was certified in Kansas rather than Colorado, *see* Fed. R. Civ. P. 28(a)(1)(A), he waited until after the deposition was completed and the cost of the deposition incurred before registering his objection.  The district court properly deemed Allen's objection to the court reporter's qualification waived pursuant to Fed. R. Civ. P. 32(d)(2).[6]

While the defendants filed their summary judgment motion with two unsigned affidavits, these exhibits were supplemented the next day with signed copies.  Though the magistrate cited to the unsigned attachments to the motion rather than the supplemental affidavits in his R&R for the sake of clarity, he made clear the copies were identical.  The rules of civil procedure require a properly executed affidavit to be served with the motion it is intended to support, *see* Fed. R. Civ. P. 6(c)(2), however, a court "clearly has

---

[6]  An objection based on disqualification of the officer before whom a deposition is to be taken is waived if not made:

> (A) before the deposition begins; or

> (B) promptly after the basis for disqualification becomes known or, with reasonable diligence, could have been known.

Fed. R. Civ. P. 32(d)(2).

discretion to permit supplemental affidavits it finds useful for summary judgment determination." *Lighton v. University of Utah*, 209 F.3d 1213, 1227 (10th Cir. 2000) (citing old version of Fed. R. Civ. P. 56(e)).[7] The court did not abuse its discretion in concluding Allen was not prejudiced by the accepting the supplement.

Finally, the magistrate judge was more than justified in striking, *sua sponte*, Allen's "affidavits." "The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter. The court may act . . . on its own." Fed. R. Civ. P. 12(f). As the magistrate explained:

> Doc. #133 is dated 4/22/08, and it contains 41 paragraphs of factual statements. Page one of Doc. #131 states "You have 10 days to reply after recept [sic] of this document or the affidavit date[d] 4/22/08 will be taken as fact." Doc. #130 contains factual allegations and a statement that the plaintiff sent a copy of the affidavit dated 4/22/08 to the defendants; they had ten days to respond to it; they failed to respond; and their failure to respond to the affidavit resulted in a stipulation of the facts stated in the affidavit.
>
> It appears that the plaintiff is attempting to establish the facts of his case by mailing affidavits to the defendants and deeming their failure to respond as admissions. The Federal Rules of Civil Procedure do not provide for the establishment of factual matters in this manner.

(R. Vol. 1 at 350-51.) The magistrate did not abuse his discretion in striking Allen's attempt to circumvent the process established by the Rules.

---

[7] Fed. R. Civ. P. 56(e) explicitly allowed the court to "permit affidavits to be supplemented" by "further affidavits." The rule has since been amended to eliminate that language however, there is no reason to believe the simplification of the rule in any way affects the court's discretion to accept such affidavits. In any event, the version of the rule containing the explicit language was still in effect on March 31, 2010, the date of the district court's order.

B.    Summary Judgment and motion to proceed *in forma pauperis* (*ifp*)

"To establish a cognizable Eighth Amendment claim for failure to protect [an inmate from harm by other inmates], the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm[,] the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." *Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006).  Allen's conclusory allegations will not defeat a motion for summary judgment.  *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1285 (10th Cir. 2010) ("Conclusory legal statements cannot preclude summary judgment.").  Contrary to Allen's assertions, a policy of "dubble [sic] bunking" is not a constitutional violation nor is one night spent with an unhappy cellmate.  (*Id*. at 783.)  Allen produced no competent evidence demonstrating the defendants were deliberately indifferent to a substantial risk of serious harm.  The court properly granted summary judgment to defendants.

Allen filed a motion to proceed *in forma pauperis* (*ifp*) on appeal with this Court.[8]  To proceed *ifp* on appeal, Allen "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in

---

[8]  A motion to proceed *ifp* on appeal, supported by required documents, must be made in the first instance to the district court.  Fed. R. App. P. 24(a)(1).  Only if that motion is denied is there occasion to file an *ifp* motion with this court.  The filing must be made within 30 days after notice of a district court's denial.  *See* Fed. R. App. P. 24(a)(5).  Our consideration of an appropriate and timely motion is not a review of the district court's denial, but an original consideration.

*Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1154 (10th Cir. 2009).  Although Allen failed to request to proceed *ifp* on appeal in the district court, in the interest of expeditious processing of appeals, we will nevertheless consider his *ifp* motion.

support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). An appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." *Anders v. California*, 386 U.S. 738, 744 (1967). We have reviewed Allen's motion to proceed *ifp* and solicitously construed his briefs in light of the district court record. His arguments are contrary to settled law and he makes no reasoned argument for modification of that law. We deny his motion to proceed *ifp and* remind him of his obligation to pay the filing and docket fees in full. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

AFFIRMED.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge