FILED
United States Court of Appeals
Tenth Circuit

October 22, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAN HENRY TIJERINA, SR.,

Plaintiff – Appellant.

v.

TOM PATTERSON; FNU BIGELOW,
Warden; FNU BROWN, Captain; FNU
ZORN, Lieutenant; FNU PEAD, Sergeant;
FNU WALKER, Officer,

Defendants – Appellees.

No. 13-4074
(D.C. No. 2:12-CV-00758-DN)
(D. Utah)

**ORDER DISMISSING FRIVOLOUS APPEAL**

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

Dan Henry Tijerina, Sr., a Utah state prisoner appearing pro se,[1] appeals from the

dismissal of his 42 U.S.C. § 1983 complaint alleging prison officials denied him access to

the courts by refusing to provide him writing paper to complete an opening brief.[2]

Tijerina neither showed an actual injury resulting from the denial of writing paper nor

---

[1] We construe pro se pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110
(10th Cir. 1991). However, we do not serve as an advocate for a pro se litigant. *Id.*

[2] This case was screened by the district judge, *see* 28 U.S.C. § 1915A, determined
not to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) and, accordingly, dismissed
before the defendants were served.

presented any cogent reason for us to consider this appeal.  The appeal is frivolous and, for that reason, must be dismissed.  28 U.S.C. § 1915 (e)(2)(B)(i).

## I. BACKGROUND

On March 27, 2011, Tijerina, an indigent prisoner, requested thirty sheets of writing paper from Corrections Officer Walker which he claimed he needed to complete an opening brief in an unrelated case in this Court.  Walker initially gave him five sheets of paper; after Tijerina complained, Walker gave him an additional sixteen sheets of paper.  Tijerina then asked Sergeant Pead for more paper; Pead refused his request.

Tijerina filed a Level I inmate grievance seeking to receive the writing paper he needed for his legal work.  Upon receiving the grievance, Lieutenant Zorn spoke with Tijerina, informing him he would need clearance from the warden in order to receive more than the standard five sheets of paper.  Zorn subsequently issued a formal written response denying the grievance.

Tijerina wrote Warden Bigelow seeking permission to receive extra writing paper for his legal work.  Bigelow responded, stating Tijerina's request had been addressed in the grievance procedure and to the extent he needed copies of his legal work, the prison's contract attorneys would provide them.

Still dissatisfied, Tijerina filed a Level II grievance.  It too was denied.  The denial explained indigent inmates are allowed five sheets of writing paper per week and if, in the future, Tijerina needed more paper, he should request such paper from his Offender

Management Review (OMR) team.[3]  The denial also noted Tijerina had mailed documents to the Tenth Circuit in March and April so "obviously [he had] sufficient paper to access the courts."  (R. Vol. 1 at 38.)

Tijerina appealed.  He complained he had to borrow paper from other inmates to complete his legal work.  This appeal was granted in part and denied in part.  The hearing officer acknowledged there were two potential applicable prison policies—one allowing indigent prisoners to receive twenty-five sheets of writing paper per week and another allowing them to receive one envelope and a maximum of five sheets of paper per week.  Walker, Pead and Zorn had obviously relied on the latter policy.  Nevertheless, the officer concluded Tijerina should be given "**up to"** twenty-five sheets of writing paper per week as long as he remained on indigent status.  (R. Vol. 1 at 45.)  She warned, however, the housing staff could limit the number of sheets of paper Tijerina receives if he was wasting the paper.

Tijerina initiated this lawsuit against various prison officials, including Walker, Pead, Zorn and Bigelow.  He claimed their refusal to give him enough paper to complete his legal work denied him his right of access to the courts.  The district judge screened the complaint under 28 U.S.C. § 1915A and found numerous deficiencies.  Relevant here, he found the complaint "repetitive and much too wordy, using about fourteen pages, where perhaps five or so would have done."  (R. Vol. 1 at 67.)  He also concluded it did

---

[3] Tijerina requested and received an OMR hearing.  He was not given the extra paper he allegedly needed.

not state a claim because a right of access to the courts claim requires a showing the prison officials' actions prejudiced Tijerina in pursuing litigation. The judge gave Tijerina thirty days in which to file an amended complaint curing these deficiencies. He also provided Tijerina a form complaint.

Tijerina responded with not one, but two, nearly identical amended complaints. And, despite being told he could state his claim in five pages and being provided a form complaint in which to do so, each complaint was twenty-eight pages and both were filed on plain paper.[4]

The judge screened the amended complaints and concluded dismissal was warranted for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). He determined, *inter alia*, that Tijerina had utterly failed to suggest how his lack of paper had prejudiced his litigation efforts. Looking to the time frame in which he was allegedly denied paper—March and April 2011—there was only one possible Tenth Circuit case for which Tijerina could have been preparing a brief. In that case, Tijerina had filed an opening brief and we had reversed the district court's dismissal of his complaint and remanded for further proceedings. Thus, the judge concluded Tijerina could not show he

---

[4] The amended complaints contained additional allegations concerning the inadequacy of the legal services rendered by the prison's contract attorneys but did not name any of the contract attorneys as defendants. The district judge concluded these allegations did not state a claim for denial of the right of access to the courts because he had not shown how the lack of help from the contract attorneys prejudiced his pending lawsuits. He does not challenge this ruling on appeal.

was hindered by a lack of paper.  Indeed, "[n]ot only was he not hindered *but he prevailed*."[5]  (R. Vol. 1 at 158.)

## II. DISCUSSION

We review de novo the dismissal of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim.  *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."  *Id.*

Prisoners have a constitutional right to adequate, effective, and meaningful access to the courts.  *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977).  This right requires prisons to provide indigent inmates with writing paper to draft legal documents.  *Id.* at 824-25 ("It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents with notarial services to authenticate them, and with stamps to mail them.").  But simply being denied writing paper is not enough to state a claim for denial of access to the courts.  The plaintiff must also show the denial hindered his efforts

---

[5] The judge also noted "[a]s a point of interest" that Tijerina had "used ninety-nine pieces of paper in this case alone to argue that he has too little paper." (*Id.* at 157.)  He also emphasized that "[i]nstead of using the form [complaint] provided by the Court and heeding the Court's advice that he could drastically shorten his complaint by being less wordy and repetitive, [Tijerina] eschewed the form complaint and advice, and used plain paper for his amended complaint, doubled the original complaint's length from fourteen to . . . twenty-eight pages, and then, inexplicably, filed two twenty-eight page amended complaints in which he wrote the exact-same words (but with slight stylistic variation)." (*Id.*)  We agree with the judge's observations and note Tijerina continues to abuse his paper privileges in this appeal.  His twenty-five page appellate brief is verbose, repetitive and filed on plain paper rather than on the form brief we provided to him.

to pursue a nonfrivolous habeas or conditions of confinement claim. *See Lewis v. Casey*, 518 U.S. 343, 349, 351, 352-55 (1996) (holding a showing of actual injury is necessary to establish a claim for denial of access to the courts).

Tijerina failed to show an actual injury resulting from the defendant's refusal to provide him with more than the twenty-one sheets of paper he received. As the district judge stated, Tijerina filed the opening brief which triggered his March 27 request for additional paper and he prevailed in that appeal. While Tijerina says the only reason he was able to file that brief was by borrowing paper from other inmates, the fact remains he was not hindered in filing the opening brief by the prison's denial of additional paper.[6] Without a showing of actual injury in pursuing his legal claim, Tijerina is basically claiming a constitutional right to writing paper. *See Lewis*, 518 U.S. at 350. There is no such right. "The right that *Bounds* acknowledged was the (already well-established) right of *access to the courts*." *Id.* That right was not violated in this case because the lack of writing paper did not hinder Tijerina's ability to prepare and file his opening brief.

---

[6] In his brief in this appeal, Tijerina claims that after receiving the Hearing Officer's Level III grievance conclusion that he was entitled to twenty-five sheets of paper per week, he showed it to Walker and attempted to obtain twenty-five sheets of paper to complete his opening brief. Nevertheless, Walker only gave him five sheets of paper. He then showed it to Pead, who refused to give him twenty-five sheets of paper but instead instructed Walker to give him an additional five sheets of writing paper. In his amended complaint in the district court, however, Tijerina only mentioned the Level III grievance decision with respect to Pead. Even assuming Tijerina properly alleged a claim based on the defendants' refusal to abide by the Level III grievance decision, he still has failed to allege any actual injury because he was not hindered in filing the opening brief.

This is a frivolous appeal—the district judge provided clear and cogent reasons for the dismissal. In his appellate brief, Tijerina fails to call that decision into question in any legitimate way. 28 U.S.C. § 1915(e)(2)(B)(i); *c.f.* Fed. R. Civ. P. 11(b).

**APPEAL DISMISSED.** Because the appeal is frivolous we impose a strike.[7] 28 U.S.C. § 1915(g). We also **DENY** Tijerina's motion to proceed on appeal without prepayment of the fees.[8] *See DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991) (to succeed on a motion to proceed on appeal without prepayment of the fees, "an appellant must show a financial inability to pay the required filing fees **and** the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal.") (emphasis added)**.** Tijerina is required to immediately pay the full amount of the filing and docketing fees to the Clerk of the District Court. If he fails to do so, partial

---

[7] Tijerina also earns a strike because his complaint was dismissed for failure to state a claim. This case has cost him two strikes; he would be well advised to carefully review 28 U.S.C. § 1915 (g).

[8] Tijerna was permitted to proceed in the district court in forma pauperis. However, he did not, as required, seek leave from the district court to proceed on appeal without prepayment of fees (in forma pauperis). *See Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1155 (10th Cir. 2009). Instead, he filed a motion to waive prepayment of fees with this Court. That deprived the district court of the ability to assess whether the appeal was taken in good faith. *See* 28 U.S.C. § 1915(a)(3). The Clerk of this Court required periodic payments on an interim basis but did not grant leave to proceed without prepayment of fees. *See* Order entered July 22, 2013.

payments shall continue to be collected (as directed by the Order dated July 22, 2013) until the fees are fully paid.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge
