FILED
United States Court of Appeals
Tenth Circuit

June 4, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DENNIS MALIPURATHU,

Plaintiff-Appellant,

v.

RAYMOND JONES, CEO, DARP
Foundation; MACK BENTLEY, HR
Director, DARP Foundation; KEITH A.
HUTTON, Counselor; CHARA AVERA,
Counselor; GARY HOLLAND, Staff,
New Hope; K. THIESSEN, Coordinator
Drug Court Team; CHRISTOPHER
KELLY, Judge, Drug Court; RICKY
MCPHEARSON, ADA, Custer Co.; JILL
WEEDON, Special Judge Custer/Washita
Co.; ALBERT ENDEARLE, Treatment
Counselor New Hope; JUAN GARCIA,
Drug Court Team; SIMMONS FOODS,
INC.,

Defendants-Appellees.

No. 13-6202
(D.C. No. 5:11-CV-00646-W)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, Chief Judge, **PORFILIO** and **O'BRIEN**, Circuit Judges.

Dennis Malipurathu was charged in Oklahoma state court with two serious drug offenses. He was offered a plea agreement permitting him to participate in a Drug Court program: If he completed the program, he would receive only a six-year suspended sentence, but if he failed he would be sentenced to fifteen years' incarceration. He accepted the deal and pled guilty. His performance in the Drug Court program was unacceptable. He was offered several opportunities to improve his compliance. When they failed he was terminated from the program and, as the plea agreement provided, a sentence of incarceration was imposed. He appealed from the imposition of the sentence. The Oklahoma Court of Criminal Appeals affirmed. He then filed this pro se civil rights lawsuit seeking damages from numerous defendants involved with the Drug Court program based on a host of claimed constitutional violations.[1] Ultimately, the district judge either dismissed or entered summary judgment in favor of the defendants on all of Malipurathu's claims. Malipurathu appeals from the grant of summary judgment on his Americans with Disabilities Act claims, and challenges various other orders entered in the case.

The parties are familiar with the facts and we need not recite them here. Continuing his shotgun approach to litigation Malipurathu presents a litany of

---

[1]     Included were judges, counselors, a private corporation and his own lawyer. He claims religious discrimination, disability discrimination, racial discrimination, equal protection and due process violations, double jeopardy, and cruel and unusual punishment.

complaints about his treatment by the district court; none have merit. In fact, they border on being frivolous and are not worthy of detailed discussion.

"We review the district court's grant of summary judgment de novo, employing the same legal standard applicable in the district court." *Eisenhour v. Weber Cnty.*, 744 F.3d 1220, 1226 (10th Cir. 2014) (internal quotation marks omitted). The remaining issues presented are reviewed for an abuse of discretion. *See, e.g.*, *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 647 (10th Cir. 2008) (discovery rulings, including the denial of a motion to compel); *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (denial of motion for appointment of counsel in a civil case); *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1377 (10th Cir. 1996) (order on motion to strike a pleading).

Having reviewed the briefs, the record, including the challenged decisions, and the applicable law under the appropriate review standards, we discern no reversible error in the issues presented. The judgment of the district court is affirmed.

Malipurathu failed to file a motion in the district court seeking to proceed on appeal without prepayment of fees. That deprived the district judge of an opportunity to determine whether his putative appeal was being taken in good faith. *See Boling-Bey v U.S. Parole Comm'n*, 559 F.3d 1149, 1154 (10th Cir. 2009). Instead he filed the motion with this court. The Clerk of this Court did not address the merits of his motion, but required funds to be withheld from his prison account and sent to the Clerk of the District Court, to be applied to his fee obligations, which

were fixed at $455.00.  Since we have considered his appeal on the merits, we deny the motion to proceed without prepayment of fees as moot.  Malipurathu is required to pay the full amount of fees.  Until they are fully paid, as previously ordered, his criminal custodian shall continue to deduct funds from his inmate account and forward them to the clerk of the district court.

Entered for the Court

Terrence L. O'Brien
Circuit Judge