**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

STACEY L. HEMPHILL,

    Plaintiff - Appellant,

v.

JUSTIN JONES; ERIC FRANKLIN;
PAULA BETHEA; MARK SEWELL;
LORI BAKER; KAREN GOODSON;
MARY LEISTNER; GREG BROOKS;
RICK WHITTEN; MARVIN
VAUGHN; DEBBIE MORTON; LEO
BROWN; CHERYL WALL; TRACY
McCOLLUM; BRENDA BROOKS;
JUDY NEW; ROBERT BEBEE; TIM
WILKINS,

    Defendants - Appellees.

No. 09-6009
(W. D. Okla.)
(D.Ct. No. 5:07-CV-00817-HE)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged, except when related to law of the case, issue preclusion or claim preclusion. Any citation to an order and judgment must be accompanied by an appropriate parenthetical notation -- (unpublished). 10th Cir. R. 32.1(A).

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore ordered submitted without oral argument.

Stacey Hemphill, an Oklahoma inmate proceeding *pro se,*[1] appeals from the district court's dismissal of his civil rights complaint for failure to exhaust administrative remedies. He also filed a request with this Court to proceed *in forma pauperis* (*ifp*) on appeal. We affirm the district court and deny Hemphill's request to proceed *ifp*.

## I. BACKGROUND

Hemphill filed a complaint under 42 U.S.C. § 1983 alleging various state prison officials violated his constitutional rights: specifically, his due process rights, his rights to freedom of speech and religion and his right to access the courts. The court ordered the Oklahoma Department of Corrections (ODOC) to submit a special report pursuant to *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978) ("The state prison administration, at a level where the facts can be adequately developed, first examines and considers the incident, circumstances, and conditions which gave rise to the asserted cause of action and develops a record before the court must proceed beyond the preliminary stages.").

---

[1] We liberally construe Hemphill's *pro se* filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

The ODOC filed a *Martinez* report followed by a motion to dismiss under Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure or, in the alternative, a motion for summary judgment. It argued the case should be dismissed because Hemphill had not properly exhausted his administrative remedies. The magistrate judge filed a report and recommendation recommending the ODOC's motion for summary judgment be granted. Hemphill filed an objection and a supplemental objection to the report and recommendation. He also filed motions to introduce evidence, for an evidentiary hearing, for a joint discovery plan, for leave to file supplemental relief and requesting a preliminary injunction and a temporary restraining order.[2] The district court adopted the magistrate's report and recommendation, granted Defendants' motion for summary judgment based on Hemphill's failure to exhaust his administrative remedies, and denied Hemphill's pending motions. Hemphill filed a motion for reconsideration or amendment of the district court's order, which the district court denied. This timely appeal followed.

---

[2] On appeal, Hemphill does not specifically argue the district court erred in denying his request for a preliminary injunction and we will, therefore, not consider it on appeal. *See Utahns for Better Transp. v. United States Dep't of Transp.*, 305 F.3d 1152, 1175 (10th Cir. 2002) (issues are deemed waived if they are not adequately addressed).

## II. DISCUSSION

"We review *de novo* a district court's dismissal of an inmate's suit for failure to exhaust his . . . administrative remedies."[3] *Patel v. Fleming*, 415 F.3d 1105, 1108 (10th Cir. 2005). The Prison Litigation Reform Act (PLRA) states: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision requires "proper exhaustion," that is, compliance with the prison's grievance procedure, including its deadlines.

---

[3] The ODOC argues Hemphill has waived his appeal because he failed to adequately identify any issues. To the extent any issues are identified, the ODOC alleges "Plaintiff makes no citation to the record and does not conduct any substantive analysis of the law as it applies to the facts he asserts." (Appellee's Br. at 7.)

While we construe a *pro se* plaintiff's filings liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 840 (10th Cir. 2005). "[A]n appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Under Rule 28, which "applies equally to *pro se* litigants," a brief "must contain . . . more than a generalized assertion of error, with citations to supporting authority." *Garrett*, 425 F.3d at 841 (quotations omitted). In *Garrett*, we dismissed an appeal because the plaintiff's brief lacked the substance under Rule 28 and, instead, contained only generalized assertions and *ad hominem* attacks on the judiciary. *Id.* Unlike the briefs in *Garrett*, Hemphill's complaints against the district court did not rise to an offensive level. Therefore, we will address his claims based on our review of his motion for preliminary injunction and his motion to supplement, the only portion of the record to which we are directed, as well as the magistrate's report and recommendation, Hemphill's objections, his motion for reconsideration and the district court's rulings.

*Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

The ODOC acknowledges Hemphill commenced the prison's grievance process but contends he did not complete it and, therefore, did not properly exhaust his administrative remedies.[4] Hemphill claims he did exhaust his available remedies because in some instances he properly filed grievances that were returned to him and, at other times, he did not receive a response within thirty days. "[T]he failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable." *Id.* However, in this case, the prison's grievance procedure allows an inmate who has not received a timely response to send a grievance to the administrative

---

[4] The ODOC has a four step grievance procedure. (Special Report, Doc. 45, Attach. 12, OP-090124.) First, an inmate must attempt to resolve his complaint by speaking to an appropriate staff member within three days of the incident. If the problem is not resolved verbally, the inmate must proceed to the second step and submit a Request to Staff (RTS). The RTS must be filed within seven days of the date of the incident. If dissatisfied with the response to the RTS, an inmate must file a grievance with the reviewing authority or, if a medical grievance, the correctional health services administrator, within fifteen days of the incident or the date of the response to the RTS, whichever is later. At the fourth step, an inmate wishing to challenge the reviewing authority or correctional health service administrator's response may file an appeal with the administrative review authority or chief medical officer within fifteen days of receiving the reviewing authority or correctional health services administrator's response. Only after obtaining a final ruling from the administrative review authority or chief medical officer has an inmate exhausted the Oklahoma prison grievance process.

review authority with evidence of submission of the grievance and the sole assertion the inmate's grievance was not answered. (*See* Special Report, Doc. 45, Attach. 12, OP-090124 § V.C.4.) Hemphill does not allege he took this action.

Hemphill claims the ODOC unreasonably rejected some of his grievances because he had previously filed grievances with the same defect, but those grievances were accepted. The fact he may have disagreed with the ODOC's reasons for their rejection of his filings is of no consequence. Because he was given an opportunity to cure the deficiencies and he did not do so, he did not properly exhaust his administrative remedies. *See Jernigan*, 304 F.3d at 1032.

"A motion to proceed *ifp* on appeal, supported by required documents, must be made in the first instance to the district court." *Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1154 (10th Cir. 2009) (citing Fed. R. App. P. 24(a)(1)). This allows the district court to "focus [its] attention on the issues to be presented" and consider "whether the appeal is taken in good faith." *Id.* at 1153-54; *see* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). "Only if that motion is denied is there occasion to file an *ifp* motion with this court." *Id.* at 1154.

Hemphill did not file a motion to proceed *ifp* on appeal with the district court pursuant to 28 U.S.C. § 1915(a)(1) and Rule 24(a)(5) of the Federal Rules of Appellate Procedure. Rather, he filed his request with this Court. Because

Hemphill's appeal was filed prior to our clarifying decision in *Boling-Bey*, we will consider his motion here.

To proceed *ifp* on appeal "an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). We have reviewed Hemphill's application to proceed *ifp*, his opening brief and the district court record and determined this appeal is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). We DENY Hemphill's motion to proceed *ifp*. He must pay the filing fee in full.

If the full amount of the filing fee is not paid within twenty days of the date of this order, the Clerk of this Court shall issue an order requiring Hemphill and/or his custodian to forward payments from his account to the Clerk of the United States District Court for the Western District of Oklahoma until the filing fee is paid in full. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001) (dismissal of appeal does not relieve a party from the responsibility to pay the appellate filing fee). He shall be given credit for any payments previously made in this case.

The Oklahoma Attorney General is directed to serve a copy of this order forthwith on Hemphill's custodian.

**AFFIRMED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge