The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Maurice Dee KENDRICK,
Defendant–Appellant.

No. 04CA2156.

Colorado Court of Appeals,
Div. I.

Aug. 10, 2006.

John W. Suthers, Attorney General, Cheryl Hone, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Maurice Dee Kendrick, Pro Se.

Opinion by Judge GRAHAM.

Defendant, Maurice Dee Kendrick, appeals the order denying his Crim. P. 35(c) motion for postconviction relief. We affirm.

In March 2002, defendant pleaded guilty to aggravated robbery, a class three felony. As part of the plea agreement, defendant stipulated to a fifteen-year sentence in the Department of Corrections (DOC) and agreed that he would not file any Crim. P. 35(b) motions seeking a reduction in his sentence. Following a Crim. P. 11 advisement, the trial court accepted the plea and sentenced defendant to fifteen years in the DOC, plus five years of mandatory parole.

In August 2003, defendant filed a Crim. P. 35(c) motion alleging that the trial court violated his constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), because his total sentence, fifteen years plus five years of mandatory parole, exceeded the presumptive range for his class three felony. The trial court denied the motion, and this appeal followed.

## I.

■ Defendant first contends that his plea was not knowingly and intelligently made because he thought that the fifteen-year sentence he had agreed to encompassed the entire sentence, and when the additional five years of mandatory parole is added to the fifteen years in the DOC, his total sentence exceeds that to which he had agreed. Thus, he argues, his sentence should be reduced to ten years in the DOC and five years of mandatory parole to conform with his understanding of the plea.

Despite defendant's argument to the contrary, he did not raise this particular issue in his Crim. P. 35(c) motion. Therefore, we decline to consider it. *See People v. Goldman*, 923 P.2d 374 (Colo.App.1996) (allegations not raised in a Crim. P. 35(c) motion and thus not ruled on by the trial court are not properly before this court for review).

## II.

Defendant next contends that because his entire sentence, DOC time plus mandatory parole, exceeds the statutory maximum available for his conviction, his sentence is unconstitutional under *Apprendi* and *Blakely*. We disagree.

■ The "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant, unless the defendant has stipulated to judicial fact finding for sentencing purposes. *Blakely v. Washington, supra; Lopez v. People*, 113 P.3d 713 (Colo. 2005).

■ A class three felony ordinarily carries a four- to twelve-year presumptive range sentence, plus five years of mandatory parole. Section 18–1.3–401(1)(a)(V)(A), C.R.S. 2005. However, § 18–4–302(3), C.R.S.2005, provides that aggravated robbery is an extraordinary risk crime subject to the modified presumptive range sentencing under § 18–1.3–401(10), C.R.S.2005, and that statute adds four years to the maximum in the presumptive range. Thus, the presumptive range of sentences upon conviction for aggravated robbery is four to sixteen years in the custody of the DOC. *See People v. Zamora*, 13 P.3d 813 (Colo.App.2000) (two years are added to the presumptive range for class four felonies classified as extraordinary risk of harm to society crimes).

Here, it is clear that the crime charged and admitted was a crime of violence. The trial court advised defendant that, in exceptional circumstances, his confinement could be increased to thirty-two years. On two separate occasions, at the providency hearing and at the sentencing hearing, defendant admitted that he used a shotgun "with the intent" to threaten the victims; that he placed those robbery victims in fear of their lives or serious bodily injury; and that he was on bond at the time of the crime. *See* § 18–4–302(4), C.R.S.2005.

Accordingly, defendant's fifteen-year sentence to the DOC is within that presumptive range, and his sentence is neither illegal nor unconstitutional. *See Martinez v. People*, 69

P.3d 1029, 1031 (Colo.2003) ("[I]t is the prerogative of the legislature to define crimes and prescribe punishments.").

■ Nevertheless, defendant argues that because *Craig v. People,* 986 P.2d 951 (Colo. 1999), defined a "sentence" to include the period of mandatory parole, his "sentence," fifteen years in the DOC and five years mandatory parole, gives him a twenty-year "sentence" that exceeds the maximum presumptive range established for his conviction and is therefore illegal. We disagree with defendant's interpretation of *Craig v. People,* *supra,* and reject his contention.

Colorado's presumptive sentencing scheme in § 18–1.3–401(1)(a)(V)(A), divides felonies into various classes, and the penalties for each class of felony are expressed in terms of dollar amounts of fines, specific numbers of years of mandatory parole, and presumptive ranges of years of "imprisonment." Section 18–1.3–401(1)(a)(V), C.R.S.2005; *Lopez v. People, supra* (sentencing statute establishes a presumptive range of imprisonment for each class); *Shipley v. People,* 45 P.3d 1277 (Colo.2002) (same); *Craig v. People, supra* (sentencing statute makes clear that terms of imprisonment and mandatory parole terms are distinct elements of the sentencing regime). Thus, the penalty imposed on felony offenders includes both an incarceration component and a parole component. *People v. Luther,* 58 P.3d 1013, 1015 (Colo.2002); *People v. Johnson,* 13 P.3d 309 (Colo.2000) (mandatory parole is a distinct element of sentencing, separate from the terms of imprisonment or length of sentence imposed by the trial court).

Further, in *Martin v. People,* 27 P.3d 846 (Colo.2001), the supreme court analyzed the sentencing provision in the former § 18–1–105(1)(a)(V)(A), now codified at § 18–1.3–401(1)(a)(V)(A), in the context of whether sex offenders were subject to mandatory or discretionary parole. Although the context of the analysis differs from our own, it is instructive on how we are to view the sentencing scheme. In analyzing the statute, the court found that the General Assembly had separated mandatory parole periods from the concept of "maximum sentence," and that it, therefore, did not intend that the period of mandatory parole be part of the "maximum sentence." The court concluded that based on the plain language of the statute, the use of the term "maximum sentence" is intended to refer only to the length of imprisonment, separate from any period of parole. *Martin v. People, supra,* 27 P.3d at 857.

Based on the foregoing, we conclude that the "presumptive range" of penalties referred to in *Apprendi* and *Blakely* is only that portion of the sentence that subjects the defendant to incarceration or imprisonment. *See* § 18–1.3–401(1)(a)(V)(A) (presumptive range penalties authorized for conviction consist of a term of years for imprisonment); *People v. Heredia,* 122 P.3d 1041 (Colo.App. 2005) (*cert. granted* Nov. 7, 2005) (presumptive range refers to the range of possible years of imprisonment); *People v. Allen,* 78 P.3d 751 (Colo.App.2001) (vehicular eluding punishable by a presumptive range of one to three years imprisonment and an additional two years of mandatory parole), *overruled on other grounds by Lopez v. People, supra; see also People v. Johnson, supra* (in a technical sense, the trial court imposes the period of mandatory parole when it sentences an offender to the DOC, but the period of mandatory parole is beyond the discretion of the trial court).

When, as here, a defendant receives a sentence of imprisonment within the presumptive range established for the crime, plus a period of mandatory parole, the sentence is constitutional under *Apprendi* and *Blakely.* Accordingly, defendant's constitutional challenge to his sentence is without merit.

### III.

■ Last, defendant contends that the trial court erred by denying his postconviction motion without a hearing. We disagree.

Because the motion, the files, and the record clearly establish that defendant is not entitled to relief, we find no error by the court in summarily denying defendant's motion without appointing counsel or holding an evidentiary hearing. *See People v. Venzor,*

121 P.3d 260 (Colo.App.2005); *People v. Hartkemeyer*, 843 P.2d 92 (Colo.App.1992).

The order is affirmed.

Judge TERRY and Judge NIETO * concur.