**UNITED STATES COURT OF APPEALS**

**May 18, 2011**

**TENTH CIRCUIT**

RONALD HUTCHINSON,

      Petitioner - Appellant,

v.

KEVIN MILYARD, Warden; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

      Respondents - Appellees.

No. 11-1022
(D. Colo.)
(D.C. No. 1:08-CV-00797-CMA-BNB)

---

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*,
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Ronald Hutchinson, a Colorado state prisoner proceeding pro se,[1] wants to appeal

from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition. He alleged his

sentence (which was enhanced because the legislature determined the <u>crime</u> for which he

was convicted presented an "extraordinary risk of harm to society") and the application

of mandatory parole violated his constitutional rights under *Apprendi v. New Jersey*, 530

---

[1] We liberally construe Hutchinson's pro se filings. *See Ledbetter v. City of
Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). The district court concluded he did not make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because its decision is not debatably incorrect we deny his request for a Certificate of Appealability (COA).

## I. BACKGROUND

Hutchinson pled guilty to the distribution of drugs (a class three felony).[2] A class three felony in Colorado ordinarily carries a sentence of imprisonment ranging from four to twelve years plus five years of mandatory parole. Colo. Rev. Stat. § 18-1.3-401(1)(a)(V)(A) (2005). However, the Colorado Legislature designated certain class three felonies as "extraordinary risk" crimes and increased the maximum presumptive range of imprisonment by four years. Colorado Revised Statutes § 18-1.3-401(10) (2005). The offense to which Hutchinson pled guilty is one such crime and the range of imprisonment was, therefore, four to sixteen years. He was sentenced to sixteen years imprisonment followed by five years of mandatory parole.

Hutchinson filed a state petition for post-conviction relief claiming the applicable Colorado statutes imposed a sentencing enhancement based on facts not contained in the indictment or the jury's verdict in violation of *Apprendi* and *Blakely*. The state district court denied relief and the Colorado Court of Appeals affirmed in an unpublished opinion. The Court of Appeals stated:

Because the extraordinary risk designation is an inherent part of the

[2] In a separate case, Hutchison pled guilty to drug possession (a class four felony). The sentence in that case is irrelevant to this appeal.

governing statutory scheme, any increase in the presumptive range flows automatically from the fact of conviction. Therefore, contrary to his assertion, defendant is not entitled to a jury determination on the issue of whether the offense posed an extraordinary risk of harm to society. *See People v. Kendrick*, 143 P.3d 1175, 1176 (Colo. App. 2006).

(R. Vol. 1 at 17.)

Hutchinson further argued the imposition of mandatory parole caused his sentence to exceed the statutory maximum. The court relied on *Kendrick* to reject this claim as well. In *Kendrick*, the Colorado Court of Appeals explained that mandatory parole in addition to a defendant's sentence does not violate either *Apprendi* or *Blakely* because "the use of the term 'maximum sentence' [under Colorado law] is intended to refer only to the length of imprisonment, separate from any period of parole."[3] *Kendrick*, 143 P.3d at 1177. Following the Colorado Supreme Court's denial of his request for certiorari, Hutchinson filed this § 2254 petition.

The district court, adopting the recommendation of the magistrate judge (over Hutchinson's objections), concluded the determination of the Colorado Court of Appeals was not contrary to or an unreasonable application of Supreme Court precedent. It also denied a COA and his subsequent request to proceed *in forma pauperis* (*ifp*) on appeal because he failed provide a verified prisoner trust account statement. Rather than correcting his deficient request in the district court Hutchinson filed a request to proceed

---

[3] Colorado's mandatory parole is different than parole under traditional sentencing schemes. Under traditional sentencing schemes, an inmate who is released on parole "exchanges a certain portion of his or her prison term for a period of non-imprisonment custody." *Craig v. People*, 986 P.2d 951, 958 n.3 (Colo. 1999) (emphasis omitted). In Colorado, however, even a prisoner who serves an entire prison sentence is still subject to the conditions of parole for the additional mandatory period. *Id.*

*ifp* with this Court. We deny his *ifp* request because his application for a COA is frivolous.[4]

## II. DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

In *Blakely*, the Supreme Court reiterated the holding of *Apprendi* that "'[o]ther

---

[4] Hutchinson provided the necessary income certification in his *ifp* application to this Court within ten days of receiving the district court's order denying permission to proceed *ifp* on appeal. He does not explain why he could not have presented the same excuses and cured this deficiency in the district court. A motion to proceed *ifp* on appeal, supported by required documents, must be made *in the first instance* to the district court, thereby giving it the opportunity to decide if "it is not taken in good faith." 28 U.S.C. 1915 § (a)(3); *see also* Fed. R. App. P. 24(a)(1). Only if that motion is denied is there occasion to file an *ifp* motion with this Court. *See* Fed. R. App. P. 24(a)(5). The filing must be made within thirty days after notice of a district court's denial. *Id.* Our consideration of an appropriate and timely motion is not a review of the district court's denial, but an original consideration. *Boling–Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1154 (10th Cir. 2009). Hutchinson failed to *properly* request to proceed *ifp* on appeal in the district court. His motion was not decided on the merits; rather he failed to supply the required information. He should have, *as a pre-condition* to filing an *ifp* motion with this Court, submitted the appropriate documentation to the district court to allow it an opportunity to decide his request on the merits. Nevertheless, solely in the interest of the expeditious processing of appeals, we will consider his *ifp* motion.

than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Blakely*, 542 U.S. at 301 (quoting *Apprendi*, 530 U.S. at 490). In applying this holding to the State of Washington's determinate sentencing scheme, *Blakely* clarified that the "statutory maximum" is "not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Id*. at 303-04.

As the state district court, the Colorado Court of Appeals, and the federal district court explained this is not an *Apprendi* or *Blakely* issue as no judicial fact finding was involved. Hutchinson's sentence was based solely on the charge to which he pled guilty, a pure statutory classification. The Colorado Court of Appeals' conclusion is not contrary to established federal law.

To proceed *ifp* on appeal, Hutchinson "must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added). We have solicitously reviewed his filings. He has failed to pass the threshold. An appeal on a matter of law is frivolous where "[none] of the legal points [are] arguable on their merits." *Anders v. California*, 386 U.S. 738, 744 (1967). Hutchinson's arguments are contrary to settled law; and he makes no reasoned argument for modification of that law.

Hutchinson's application for a COA and his motion to proceed *ifp* on appeal are **DENIED**. This matter is **DISMISSED**. Hutchinson must pay the filing and docket fees

in full to the clerk of the district court.  *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge