**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANDY MEADOWS,

     Plaintiff - Appellant,

v.

DANNY SALAZAR; CORRECTIONAL
COUNSELOR ORTIZ; MAJOR
PALAMINO (SECURITY MAJOR);
INVESTIGATOR BROWN; SHIFT
COMMANDER GONZALEZ; WARDEN
GOODRICH; COLORADO
DEPARTMENT OF CORRECTIONS,

     Defendants - Appellees.

No. 19-1104
(D.C. No. 1:18-CV-03290-LTB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]
_____

Plaintiff-Appellant Andy Meadows, an inmate appearing pro se, appeals from the

district court's dismissal of his civil rights complaint and action. The district court

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument.

denied Mr. Meadows leave to proceed in forma pauperis (IFP) on appeal finding that he had no non-frivolous argument to raise on appeal and thus could not appeal in good faith. 28 U.S.C. § 1915(a)(3). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm and deny his motion to proceed IFP on appeal.

**Background**

Mr. Meadows, a Colorado state prisoner, initiated this 42 U.S.C. § 1983 action against numerous Bent County Correctional Facility (BCCF) officials and the Colorado Department of Corrections, alleging deliberate indifference and cruel and unusual punishment in violation of his Eighth Amendment rights. See generally Compl. (1 R. 4). His complaint alleged someone posted an anonymous letter that had complained of other prisoners' loud music. BCCF officials retrieved the letter after one-and-a-half weeks, but they placed it back on display after one official, Unit Manager Danny Salazar, wrote on it that "there is nothing I can do about it, so, you will have to handle it like men within the Pod." Id. at 8. According to the complaint, the official's comment all but encouraged retaliation against the anonymous author of the letter. Id. at 9. A group of 30 to 50 prisoners allegedly compared the letter's handwriting to that of Mr. Meadows and determined he was the anonymous author. Id. The prisoners then took "an aggressive stance . . . [d]irected at [Mr. Meadows]." Id.

Two months later, Mr. Meadows filed an amended complaint in which he added the group of prisoners consisted of between 50 and 70 "Hispanic and Mexicans," and that their "aggressive stance" gave him extreme emotional stress and led him to believe his

2

life was in danger.  Id. at 32.  It further added an allegation that Mr. Meadows's housing area was placed on lockdown following the confrontation.  Id.  It sought declaratory judgment and compensatory and punitive damages against the BCCF officials in their individual and official capacities and the Colorado Department of Corrections (CDOC) for his alleged emotional distress, their reckless disregard of his safety, and their failure to provide proper training and sanctions to those who fail to provide a safe environment. Id. at 30, 33–35.

On February 22, 2019, the district court dismissed the action pursuant to 42 U.S.C. § 1915(e)(2)(B)(i) & (iii), holding the action was frivolous and that it sought monetary relief against defendants immune from such relief.  Id. at 39.  The court first dismissed as moot Mr. Meadows's request for declaratory relief because he was no longer incarcerated at BCCF.  Id. at 41.  It then construed Mr. Meadows's official-capacity claims against BCCF officials as claims against the CDOC and Colorado, which have Eleventh Amendment immunity.  Id.  Turning to Mr. Meadows's individual-capacity claims against BCCF officials other than Unit Manager Salazar, the court held Mr. Meadows failed to allege the personal participation of other BCCF officials.  Id. at 42.  Because the theory of respondeat superior cannot extend liability for the unconstitutional conduct of a subordinate, the district court dismissed these claims.  Id. at 42–43.  As to Mr. Meadows's claim against Unit Manager Salazar, the district court held the second amended complaint failed to allege facts supporting either that Mr. Meadows suffered a sufficiently serious injury absent a showing of physical injury, or that Unit Manager Salazar acted with deliberate indifference.  Id. at 43–45.  Finally, it certified that any

3

appeal from its order would not be taken in good faith and denied IFP status for the purposes of appeal. Id. at 45; 28 U.S.C. § 1915(a)(3). Mr. Meadows filed a timely notice of appeal on March 21, 2019. 1 R. 47.

**Discussion**

Whether Mr. Meadows has stated a cognizable § 1983 claim is purely a question of law and one we review de novo. See Christiansen v. City of Tulsa, 332 F.3d 1270, 1278 (10th Cir. 2003). Our consideration of a renewed IFP motion on appeal is not a review of the district court's decision, but rather a de novo consideration. Boling-Bey v. U.S. Parole Comm'n, 559 F.3d 1149, 1154 (10th Cir. 2009).

We affirm for substantially the same reasons given by the district court. Although Mr. Meadows filed his motion to proceed IFP on appeal more than 30 days after service of notice of the district court's order, Fed. R. App. P. 24(a)(5), we accept his motion as timely. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); Hutchinson v. Milyard, 423 F. App'x 806, 808 n.4 (10th Cir. 2011) (unpublished). But because he has "failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," we deny it. Rolland v. Primesource Staffing, L.L.C., 497 F.3d 1077, 1079 (10th Cir. 2007).

AFFIRMED. Mr. Meadows's motion to proceed IFP on appeal is DENIED and he is reminded that he is responsible for immediate payment of the full amount of the filing fee.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge