09-4603-cv
Javier v. Deringer-Ney Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand eleven.

PRESENT:
         AMALYA L. KEARSE,
         DENNY CHIN
                  <u>Circuit Judges</u>,
         JED S. RAKOFF,
                  <u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - -x

MARIO A. JAVIER,
         <u>Plaintiff-Appellant</u>,

         -v.-                                    09-4603-cv

DERINGER-NEY INC.,
         <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:          MARIO A. JAVIER, <u>pro se</u>, Hartford, Connecticut.

FOR DEFENDANT-APPELLEE:           KORI TERMINE WISNESKI (Jean E. Tomasco, <u>on the brief</u>), Robinson & Cole LLP, Hartford, Connecticut.

---

[*]     The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-appellant Mario A. Javier, proceeding pro se, appeals from the district court's September 30, 2009, judgment granting the motion of defendant-appellee Deringer-Ney Inc. ("Deringer-Ney") for summary judgment in this employment discrimination suit. We assume the parties' familiarity with the facts and procedural history of the case.

We review an order granting summary judgment de novo to determine whether the district court properly concluded that there were no genuine issues of material fact and the moving party was entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). Nevertheless, "reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion." Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002). After reviewing the record, we find, for substantially the reasons stated by the district court, that Javier has not offered sufficient evidence to permit a rational jury to conclude that the reasons proffered for terminating his employment at Deringer-

-2-

Ney were a pretext for discrimination.  See Vivenzio v. City of Syracuse, 611 F.3d 98, 106 (2d Cir. 2010); Howley v. Town of Stratford, 217 F.3d 141, 150 (2d Cir. 2000).

Javier further claims that the district court erred in deciding the summary judgment motion before discovery was complete.  "The management of discovery lies within the sound discretion of the district court, and the court's rulings on discovery will not be overturned on appeal absent an abuse of discretion."  Grady v. Affiliated Cent., Inc., 130 F.3d 553, 561 (2d Cir. 1997).  In his memorandum opposing summary judgment, Javier claimed that Deringer-Ney failed to comply with his requests for disclosure and production.  He indicated that "amendment and[/]or supplementation [of his brief] will be requested and will follow," but after nearly eight months had elapsed, Javier had not utilized the tools available to compel discovery under either the Federal Rules of Civil Procedure or the district court's individual practices.  See Caidor v. Onondaga Cnty., 517 F.3d 601, 605 (2d Cir. 2008) ("'[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.'" (quoting Edwards v. INS, 59 F.3d 5, 8 (2d Cir. 1995))).  The district court did not abuse its discretion at that point in reaching the merits of the summary judgment motion under these circumstances.

We have considered Javier's other arguments and conclude they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK