Javier v. Deringer-Ney Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER
MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand twelve.

PRESENT:
>        AMALYA L. KEARSE,
>        ROSEMARY S. POOLER,
>        BARRINGTON D. PARKER,
>              *Circuit Judges.*

---

Mario A. Javier,

>                        *Plaintiff-Appellant,*

>        -v.-                                                        11-3157

Deringer-Ney Inc.,

>                        *Defendant-Appellee.*

---

FOR APPELLANT:            Mario A. Javier, *pro se*, Hartford, CT.

FOR APPELLEE:             Jean E. Tomasco, Kori Termine Wisneski, Robinson & Cole LLP, Hartford, CT.

Appeal from orders of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the June 11, 2011, June 13, 2011, and July 22, 2011 orders of the district court are **AFFIRMED**.

Appellant Mario A. Javier, *pro se*, appeals from the district court's: (1) June 11, 2011 order denying his motion for a return of a cash bond in the amount of $500 posted as security for costs, pursuant to District of Connecticut Local Rule 83.3; (2) June 13, 2011 order denying his motion to compel the Appellee to produce certain documents; (3) June 13, 2011 order denying his motion for "articulation" of the appellee's bill of costs, and an extension of time to reply to Appellee's objections to his motion for return of the bond; and (4) July 22, 2011 order granting Appellee's motion for costs and awarding $3,203.90, and ordering that the bond be turned over to Appellee. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Appellant's brief largely argues that the district court erred in granting summary judgment and dismissing his complaint by judgment entered October 1, 2009, and that this Court erred in affirming the district court's judgment. *See Javier v. Deringer-Ney Inc.*, 419 F. App'x 100 (2d Cir. 2011). Those arguments are barred by the law-of-the-case-doctrine. *See United States v. Plugh*, 648 F.3d 118, 123 (2d Cir. 2011) ("As a general matter, this Court will adhere to its own decision at an earlier stage of the litigation.") (internal quotation marks omitted). Appellant has not called to our attention any reason for deviating from this general principle.

"The decision to award costs pursuant to Rule 54(d)(1) . . . rests within the sound discretion of the district court, and such decisions will be reviewed by this [C]ourt only for abuse of discretion." *See Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (internal quotation marks and citation omitted). "In addition, because Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001). Costs may be denied due to the misconduct of the prevailing party, the public importance of the case, the difficulty of the issues, or "the losing party's limited financial resources." *Id.* However, the burden is on the losing party to show that costs should not be imposed. *Id.*

Appellant does not argue that the public importance of the case or the difficulty of the issues warranted the denial of costs. Appellant argues that Appellee's alleged misconduct warranted denying it costs, but his argument is without merit. To the extent his argument rests on Appellee's actions during the discovery process, including the alleged withholding of documents he sought after the judgment had been entered, those issues were decided in Appellee's favor, and there is no indication that Appellee engaged in any misconduct during the discovery process. Appellant's argument is also without merit to the extent it relies on Appellee stating, in response to the motion for return of the bond, that Appellant's claim was "frivolous." While there has been no finding at any stage that Appellant's complaint was frivolous, Appellee's single charge of frivolousness does not rise to the level of misconduct warranting the denial of costs. Significantly, Appellee's statement occurred after the judgment was entered, and did not add to the litigation costs.

We take notice of the fact that a magistrate judge granted Appellant leave to proceed *in forma pauperis* ("IFP") on appeal. Nevertheless, Appellant's indigence does not warrant departure from the usual practice of awarding costs. *Whitfield*, 241 F.3d at 270 ("As a general matter a district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs."); *see also Feliciano v. Selsky*, 205 F.3d 568, 571 (2d Cir. 2000) (noting that other circuits have allowed for taxation of appellate costs against indigent appellants); 28 U.S.C. § 1915(f)(1) (stating that "[j]udgment may be rendered for costs at the conclusion of [a] suit or action [brought pursuant to the IFP statute] as in other proceedings"). Finally, while Appellants argues that costs should not be awarded because his complaint was not frivolous, costs are awarded as a matter of course to the winning party, and no finding of frivolousness is required. *See Whitfield*, 241 F.3d at 270; *see also* Fed. R. Civ. P. 54(d)(1) (stating that costs "should be allowed to the prevailing party" unless a statute, rule or court order states otherwise).

We find no abuse of discretion in the district court's denial of Appellant's motion to return the bond, or the awarding of the bond to offset Appellee's costs. *See Selleti v. Carey*, 173 F.3d 104, 110 (2d Cir. 1999) ("We review for abuse of discretion the district court's decision[]. . .to require a bond or other security costs . . ."). The purpose of the bond was to provide security for the litigation costs. *See* D. Conn. Local R. 83.3. Appellant provides no alternative for Appellee to receive its costs, and even given Appellant's indigency awarding the bond to Appellee was not error. To the extent Appellant challenges the district court's order denying his motion to compel discovery, the discovery issue was decided in the earlier appeal and is not relevant to the issue of costs. Appellant did not sufficiently argue in his brief that the district court erred in deciding the motion for return of the bond without granting Appellant's motion for articulation or granting an extension of time; those issues are therefore waived. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). In any event, there was no error in the district court's underlying decision to deny the motion for return of the bond.

We have considered Appellant's remaining arguments and find them to be without merit.

For the foregoing reasons, the June 11, 2011, June 13, 2011, and July 22, 2011 orders of the district court are hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk