19-1286
*Portelos v. Hill*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand twenty.

Present:
>        DEBRA ANN LIVINGSTON,
>                *Chief Judge*
>        AMALYA L. KEARSE,
>        RICHARD C. WESLEY,
>                *Circuit Judges*.

_____

FRANCESCO PORTELOS,

>                *Plaintiff-Appellant*,

>        v.                                                          19-1286

LINDA HILL, PRINCIPAL OF I.S. 49, in her official and individual capacity, AND ERMINIA CLAUDIO,

>                *Defendants-Appellees*,


CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF EDUCATION, DENNIS WALCOTT, CHANCELLOR OF NEW YORK CITY DEPARTMENT OF EDUCATION,

>                *Defendants*.

_____

For Plaintiff-Appellant:                           FRANCESCO PORTELOS, *pro se*, Staten Island, NY

For Defendants-Appellees: Scott Schorr, Lorenzo Di Silvio, *for* James E. Johnson, Corporation Counsel of the City of New York, New York, NY

Appeal from two orders of the United States District Court for the Eastern District of New York (DeArcy Hall, *J.*, Scanlon, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Plaintiff-Appellant *pro se* Francesco Portelos, who was represented by counsel in the district court through the entry of judgment dismissing his action, appeals from two post-judgment orders of the district court, (1) rejecting his opposition to Defendants' request for costs of the action, and (2) denying his motion for reconsideration. Portelos—a former public-school teacher—sued the City of New York, its Department of Education, and three school officials, alleging that they retaliated against him for expressing concerns about alleged misconduct and budgetary irregularities by school officials. The district court dismissed Portelos's claims against all but two officials, Principal Linda Hill and District Superintendent Erminia Claudio ("Defendants"). A jury returned a verdict for Defendants, and we affirmed on appeal. *Portelos v. Hill*, 719 F. App'x 37 (2d Cir. 2017). Defendants thereafter moved under Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1(c)(2) to impose costs against Portelos; the district court awarded Defendants $6,656.40—$5,435.04 for non-expedited trial transcripts and $1,221.36 for costs related to Portelos's deposition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under Rule 54, "costs—other than attorney's fees—should be allowed to the prevailing party" absent "a federal statute, [Rule of Civil Procedure], or a court order [that] provides otherwise." Fed. R. Civ. P. 54(d)(1). Because "such an award against the losing party is the

2

normal rule . . . in civil litigation, not an exception . . . , the losing party has the burden to show that costs should not be imposed." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016). The losing party may show that costs should not be imposed by, for example, demonstrating "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.*

Portelos asserts that his case represented a matter of public importance and involved difficult issues. Portelos further asserts that Defendants' counsel engaged in misconduct by (1) violating the time limit for depositions, (2) "knowingly testif[ying]" for a deposition witness, and (3) falsely denying the existence of emails that were later disclosed. Portelos only raised the first two arguments—that his case was a matter of public importance and involved difficult issues—in his motion for reconsideration. "Generally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration," *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co.*, 762 F.3d 165, 188 (2d Cir. 2014) (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 159 (2d Cir. 2003)), and we see no persuasive reason to deviate from the general rule in this case.[1] Thus, the only remaining issue is whether the district court erred in awarding costs because of alleged misconduct.

We review for abuse of discretion both the district court's decision to award costs and its denial of reconsideration.[2] *See Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006)

---

[1] We also note that Portelos initially opposed Defendants' application for costs in part because the imposition of costs would cause him "tremendous hardship" and he brought his case in "good faith." App'x at 48, 52. Portelos, however, does not raise these arguments on appeal, and so we do not consider them. *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) ("[Plaintiff] did not raise this issue in his appellate brief. Consequently, he has abandoned it.").

[2] The Court affords "considerable deference" to the district court's interpretation of Local Civil Rule

3

(quoting *LoSacco*, 71 F.3d at 92); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). A district court abuses its discretion if "its decision rests on an error of law . . . or a clearly erroneous factual finding" or if "its decision . . . cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

A court may deny costs if a non-prevailing party demonstrates that the entitled party has committed "misconduct" at a level that justifies denial. *See, e.g.*, *McFarland v. Gregory*, 425 F.2d 443, 449 (2d Cir. 1970) (denying costs where prevailing party engaged in an "obstructive course of conduct," "total warfare," and "trial by battle"). The district court determined that Portelos's allegations of misconduct did not justify denying costs, because he failed to specify any resulting prejudice. First, Portelos alleged that his deposition ran past the time limit, but he "fail[ed] to specify the length of his deposition." App'x at 76. Second, Portelos claimed that Defendants' counsel testified for a witness, but his attorney did not "object to [that] statement" during the deposition. *Id.* And finally, Portelos objected to Defendants' failure to produce 1,400 pages of emails during discovery, but "Defendants ultimately did produce those documents." *Id.* The district court noted that "none of these discovery concerns was even sufficiently serious to motivate Plaintiff to file a motion for sanctions." *Id.*

We agree that Portelos's allegations of misconduct—for which his attorney did not move for discovery sanctions—"do[] not rise to the level of misconduct warranting the denial of costs." *Javier v. Deringer-Ney Inc.*, 501 F. App'x 44, 46 (2d Cir. 2012). The district court, therefore, did not abuse its discretion in imposing costs, nor in denying Portelos's motion to reconsider.

\*     \*     \*

---

54.1. *LoSacco*, 71 F.3d at 92; *Whitfield*, 241 F.3d at 270–72.

4

We have considered Plaintiff-Appellant's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
